UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:25CR00062-001 |
| PLAINTIFF, | |
| | JUDGE JEFFREY P. HOPKINS |
| v. | |
| ROBERT GILB, | SENTENCING MEMORANDUM |
| DEFENDANT. | |

Defendant, Robert Gilb ("Defendant") through counsel, respectfully submits the following sentencing memorandum in support of the parties' Plea Agreement entered pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. Based on the facts and circumstances of this case, the government and Defendant have jointly agreed that a sentence of twenty-four months' imprisonment is appropriate. Defendant respectfully requests that this Court accept the Plea Agreement and impose the agreed-upon sentence.

Respectfully submitted,

/s/ R. Scott Croswell, III
R. Scott Croswell, III (0019726)
Attorney for Defendant
8 West Ninth Street
Cincinnati, Ohio 45202
Phone: (513) 241-5670
Facsimile: (513)929-3473
rscroswell@gmail.com

## MEMORANDUM

### I. Introduction

On October 30, 2025, Defendant pled guilty to Count One of the Indictment in this case – Possession of an Unregistered Firearm in violation of 26 U.S.C. 5841, 5861(d), and 5871. In

doing so, Defendant admitted his conduct and timely accepted responsibility in a Plea Agreement pursuant to F.R.C.P. Rule 11(c)(1)(C). Defendant also agreed to surrender all seized property in this case.

The parties jointly agreed that the appropriate disposition in this case is a term of imprisonment of twenty-four months and a $100 special assessment. Presentence Investigation Report ("PSR") at p. 4, ¶ 4. The government also does not oppose Defendant receiving a two or three level reduction pursuant to U.S.S.G. §3E1.1. *Id.* at p. 6, ¶ 6.

This agreed-upon sentence reflects a careful balance between the seriousness of the offense, Defendant's acceptance of responsibility, and the statutory goals of sentencing under 18 U.S.C. § 3553(a).

## II. Character and Life History

Defendant is fifty years old. He was born at Camp Lejeune, where his father was stationed while in the Marines. *Id.* at p. 12, ¶ 60. When Defendant was two years old, his family moved to Cincinnati. *Id.*

Defendant's childhood was marked by significant instability and trauma, much of it stemming from his father's long-standing drug and alcohol abuse. *Id.* Defendant first witnessed his father commit domestic violence against his mother when he was only four years old. *Id.* Defendant's father also emotionally and physically abused Defendant. *Id.* at p. 13, ¶ 62.

When Defendant was in fourth grade, his father abandoned the family and moved to Florida. *Id.* at p. 13, ¶ 63. Several years later, when Defendant was eleven, his mother began dating a man whom Defendant admired and viewed as a positive male role model; however, that individual was ultimately sentenced to prison, again depriving Defendant of stability and guidance. *Id.* at p. 13, ¶ 64. Although Defendant's mother eventually remarried, Defendant ran away from home and was ultimately placed in a boarding school. *Id.* at p. 13, ¶ 65.

Defendant married his ex-wife in 2004 after the couple had dated for thirteen years. *Id.* at p. 13, ¶ 66. He later moved to Michigan, where he lived and owned a business, but returned to Ohio after discovering his wife's infidelity. *Id*. Presently, Defendant lives with his mother in Cincinnati, and he has one brother who lives in North Bend, Ohio. *Id.* at p. 13, ¶ 67.

Defendant endorses diagnoses for depression and anxiety, and he has sought mental and substance abuse treatment in the past. *Id.* at p. 14, ¶ 69. Probation notes that Defendant "stands to benefit from substance abuse and mental health treatment." *Id.* at p. 2. These considerations weigh in favor of a sentence that emphasizes accountability while also supporting rehabilitation.

### III. Offense Level and Criminal History

Defendant has no objection to Probation's offense level calculation, which nets a total offense level of 21. *Id.* at pp. 8-9, ¶¶ 30-44. Defendant also agrees with the PSR's finding of a criminal history category of I due to his lack of a felony criminal record. *Id.* at p. 12, ¶ 54.

### IV. Guideline Provisions

Defendant's total offense level of 21 and criminal history category of I yields a Guideline range of 37-46 months imprisonment. *Id.* at p. 16, ¶ 80. See also, U.S.S.G. Sentencing Table.

The Guideline range for fines applicable to Defendant's offense is $15,00 to $150,000. PSR at p. 17, ¶ 89. See also, U.S.S.G. section 5E1.2(c)(3). Pursuant to U.S.S.G. §5E1.2(d), in determining the amount of a fine, a court should consider, among other things, the loss to the victim, the defendant's ability to pay, the burden placed on the defendant, restitution that the defendant is obligated to pay, previous similar fines, and expected costs to the government for a term of imprisonment, probation, and supervised release. As noted in the PSR, Defendant's net worth is $5,711.00, and even the government admits that he does not have the ability to pay a fine. *Id.* at 15-16, ¶ 78.

Defendant submits that a variance from the Guideline range is appropriate, as discussed

in Section V, *infra*.

### V. Guilty Plea and Request for Variance

As referenced in the PSR and *supra*, the parties entered into a plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, and the government agrees that a sentence of twenty-four months imprisonment is appropriate here.

Although the advisory Guideline range is 37 to 46 months, the Sentencing Guidelines are not mandatory. This Court has the authority to impose a sentence outside the Guideline range when justified by the factors set forth in 18 U.S.C. § 3553(a). Here, a downward variance is appropriate because the Guidelines do not fully account for the totality of Defendant's personal history, his acceptance of responsibility, and the government's agreement that a lower sentence satisfies the purposes of sentencing.

By honoring the parties' agreement and imposing a sentence of twenty-four months, this Court would effectuate a sentence that is fair, proportionate, and consistent with the statutory mandate that a sentence be "sufficient, but not greater than necessary."

### VI. Sentence

Under 18 U.S.C. § 3553(a), this Court is tasked to impose a sentence that promotes respect for the law, provides just punishment, protects the public, and considers the history and characteristics of a defendant. The agreed-upon sentence accomplishes each of these objectives.

Moreover, this Court has the ability to impose a term of supervised release not exceeding three years. *Id.* at p. 16, ¶ 82. As noted *supra*, Probation believes that Defendant would benefit from substance abuse and mental health treatment while on probation. An order including treatment would further benefit Defendant while satisfying this Court's sentencing obligations. Therefore, Defendant requests that the Court recommend drug treatment and mental health treatment as part of his sentence.

In determining whether to impose a fine, this Court must consider Defendant's ability to pay. As noted *supra*, Defendant's Guideline range for a fine is $15,000 to $150,000. Here, even the government acknowledges that Defendant does not have the financial resources to pay a fine. *Id.* at 15-16, ¶ 78. Accordingly, Defendant requests that the Court exercise its discretion to decline to impose a fine.

Defendant is prepared to accept the consequences of his actions. A sentence of twenty-four months' imprisonment is sufficient to satisfy the purposes of sentencing and is not greater than necessary to comply with 18 U.S.C. § 3553(a). This sentence does not diminish the seriousness of Defendant's offense. Defendant fully acknowledges the gravity of his conduct and does not seek to minimize it. Rather, the agreed-upon sentence appropriately balances accountability, punishment, and rehabilitation while reflecting the unique facts and circumstances of this case.

## VII. Conclusion

Defendant timely accepted responsibility by pleading guilty to Count One and has demonstrated his willingness to cooperate with the government and this Court in all respects. The government has agreed that a sentence of twenty-four months' imprisonment is appropriate, and no restitution is due in this case.

Based upon the foregoing, Defendant Robert Gilb respectfully requests that this Court exercise its discretion to accept the Plea Agreement and order a term of twenty-four months imprisonment, recommend drug and mental health treatment, and require a $100 special assessment, with no fine imposed.

        Respectfully submitted,

        */s/ R. Scott Croswell, III*
        R. Scott Croswell, III (0019726)
        Attorney for Defendant
        8 West Ninth Street
        Cincinnati, Ohio 45202
        Phone: (513) 241-5670
        Facsimile: (513)929-3473
        rscroswell@gmail.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on this 28th day of January, 2026, I electronically filed the forgoing with the Clerk of the United States District Court using the CM/ECF system, which will notify the attorneys of record of such filing.

        */s/ R. Scott Croswell, III.*
        R. Scott Croswell, III.

4926-2473-0249, v. 1